MATUSEVITZ, APPELLANT, *v.* CITIZENS' DISTRICT MESSENGER & BURGLAR-ALARM TELEGRAPH COMPANY, RESPONDENT.

[Submitted April 6, 1897.   Decided April 12, 1897.]

*Corporation—Action to Compel Transfer of Stock—Pleading.*

ACTION TO COMPEL TRANSFER OF STOCK.—An action will not lie to compel a corpora-tion to transfer stock to plaintiff, when it appears that, prior to the purchase of the stock by him, an attachment was levied upon the stock belonging to his vendor.
PLEADINGS—*Denial.*—In an action to compel a corporation to transfer and issue to plaintiff a certificate of stock, the complaint alleged that a certificate of stock had been issued to "C" and by him transferred to "S" who transferred the same to plaint-iff. The answer, among other allegations, stated that while the stock appeared on

the company books in the name of "C" an attachment issued in an action in which "S" was defendant was levied upon all of the interests of "S" in the stock of the company standing in the name of "C," and that at the time of such levy "S" was the assignee of the stock; no replication was filed. *Held,* that defendant was entitled to a judgment on the pleadings.

N. B.—This action was under the former code of practice.

*Appeal from District Court, Silver Bow County. J. J. McHatton, Judge.*

ACTION by Fannie Matusevitz against the Citizens' District Messenger & Burglar-Alarm Telegraph Company and another. Judgment for defendants, and plaintiff appeals. Affirmed.

*S. De Wolfe,* for Appellant.

The great weight of authority is, that an assignment of stock in a corporation will be good as against an attaching creditor, or a levy under execution made after the assignment, although no transfer has been made of the stock on the books of the company, and no notice given to it of the assignment or transfer of the stock. The delivery of the certificate (or as, in this case, the assignment) passes the title to the assignee, notwithstanding the by-laws of the corporation may (as in this case), provide that the stock is transferable only on the surrender of the certificate. In support of this proposition, I cite to the following authorities; to which many more might be added: (*McNeil* v. *Tenth National Bank,* 46 N. Y. 331; *Boatman's Insurance Co.* v. *Able,* 48 Mo. 136; *Clark* v. *German Bank,* 61 Miss. 611; *Seligman* v. *Brown,* 61 Tex. 114; *Broadway Bank* v. *McElrath,* 13 N. J. Eq. 24; *Wilson* v. *St. Louis Railroad Company,* 108 Mo. 588; *Hazard* v. *National Exchange Bank,* 26 Fed. 94; *Continental Bank* v. *Elliot Bank,* 7 *Id.* 371; *Bank* v. *Lanier* 111 Wall. 369.)

*J. O. Bender,* for Respondent.

The new matter in the answer shows that Mary Schultz was the owner of the said stock. (Transcript page 6.) And the same is admitted, not being replied to. It is alleged, not only, that Mary Schultz is the assignee of said stock, but

"that at the time said writ was executed and at the time defendant was notified, as aforesaid, Mary Schultz was the assignee of the said 1605 shares of stock." This allegation together with other allegations preceding it are not in the complaint, either verbatim or in effect, and is new matter requiring a replication under section 109. The assignment of corporate stock passes all the interest of the assignor as between the parties. (*Bank of Utica* v. *Smalley*, 14 Am. Dec. 526; *Weston* v. *Bear River & Co.*, 5 Cal. 186; *Johnson* v. *Laflin*, 103 U. S. 800; *Duke* v. *Cahawba Navigation Co.*, 44 Am. Dec. 472; *McNeal* v. *Tenth National Bank*, 46 N. J. 331; S. C., 7 Am. Rep. 341; *Burgess* v. *Seligman*, 107 U. S. 32.) Counsel also cited: *Weston* v. *Bear River & Company*, 5 Cal. 186; *Fort Madison Lumber Co.* v. *Bank*, 71 Iowa 270; S. C., 32 N. W. Rep. 336; *Commercial National Bank* v. *Farmer's Bank*, 82 Iowa 192; S. C., 47 N. W. 1080; *Johnson* v. *Laflin*, 103 U. S. 800; *Blanchard* v. *Dedham Gas Light Company*, 5 Grey (Mass.) 373; *People's Bank* v. *Gridley*, 91 Ill. 457; *Nagle* v. *Wharf Company*, 20 Cal. 530; *Conway* v. *John*, 14 Col., page 30; S. C. 23 Pac. 170; *Farmer's National Gold Bank* v. *Wilson et al.*, 58 Cal. 600, and § 455, General Laws of the Compiled Statutes.

BUCK, J.—This was an action brought by the appellant (plaintiff below) to compel the respondents (defendants below) to transfer to her certain shares of stock. The result of the trial was in favor of defendants. Among other allegations in the complaint were the following: "For cause of action against defendants, plaintiff says that she is, and has been since the 24th day of December, 1894, the owner of sixteen hundred and five shares of the capital stock of the said Citizens' District Messenger & Burglar-Alarm Telegraph Company; that a certificate for said sixteen hundred and five shares of stock so owned by plaintiff was issued to John W. Cotter, dated on the 12th day of November, 1894, and is numbered 32; that afterwards, on the 24th day of December, 1894, the said John W. Cotter sold, assigned and delivered to Mary

Schultz said certificate of stock; that on the same day Mary
Schultz sold, assigned and delivered said certificate of stock to
plaintiff, for value, and ever since plaintiff has been, and now
is, the owner and holder of said stock, and, as owner and
holder thereof, is by right entitled to have said stock trans-
ferred to her own name on the stock books of said company,
and to have a certificate therefor issued to her, in her own
name, in lieu of the certificate she now holds, standing in the
name of John W. Cotter.'' The answer contained, among
other allegations, the following: ''That on the 24th day of
December, 1894, the stock standing in the name of John W.
Cotter on the books of the defendant corporation was duly at-
tached in an action brought in the above court, wherein one
John O'Rourke was plaintiff and Mary Schultz was defendant;
that this defendant was, by virtue of said attachment, notified
and warned that all stock of defendant Mary Schultz (in said
action) in the Citizens' District Messenger & Burglar-Alarm
Telegraph Company, and all interests of Mary Schultz in the
stock of said company, 'now standing in the name of John W.
Cotter, is this day levied upon,' and further notified thereby
not to pay over, transfer or dispose of said property to any
one but the sheriff of Silver Bow county, state of Montana,
under penalty of the law; that the aforesaid writ still remains
in full force and effect, and the property attached thereunder
has not been released; that at the time said writ was executed,
and at the time defendant was notified as aforesaid, Mary
Schultz was the assignee of the aforesaid sixteen hundred and
five shares of stock of the Citizens' District Messenger &
Burglar-Alarm Telegraph Company.'' The complaint alleges
that Mary Schultz was the owner of the shares of stock in con-
troversy on December 24, 1894. The answer sets forth that
at the time said shares of stock were attached, on December
24th, Mary Schultz was the assignee thereof. By failure to
file a replication, the fact that Mary Schultz was the owner of
the shares of stock at the time they were attached is admitted.
Counsel for appellant and respondents both concede that the
only point for the consideration of the court is whether or not

the pleadings presented any issue for trial. We do not think they did. There need not have been any trial. If a motion for judgment on the pleadings had been filed by respondents, the district court would have been justified in granting it. It is, therefore, unnecessary for us to consider the evidence on which the lower court found for respondents. The judgment is affirmed.

*Affirmed.*

Pemberton, C. J., and Hunt, J., concur.

[Submitted April 6, 1897. Decided April 12, 1897.]